RANDOLPH K. LARSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Larsen v. Commissioner
Docket No. 10643-82.
United States Tax Court
T.C. Memo 1984-398; 1984 Tax Ct. Memo LEXIS 284; 48 T.C.M. (CCH) 673; T.C.M. (RIA) 84398; July 30, 1984. *284 By amended answer, respondent asserted additions to tax under secs. 6651(a)(1) and 6653(a), I.R.C. 1954, for each of the years in issue. Held: Respondent has the burden of proof as to each of these additions. On the record in this case, respondent has failed to carry this burden, as to each addition to tax for each of the years in issue. Randolph K. Larsen, pro se. Ellen T. Friberg and Robert R. Rubin, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under section 6653(b) [1] (fraud), as follows: Additions to Tax
Year
Deficiency [2]
Sec. 6653(b)
1975
$4,817.30
$2,408.65
1976
5,264.00
2,632.00
1977
5,883.00
2,941.50
1978
7,329.85
3,664.93
1979
8,638.85
4,319.43 At trial, the Court denied petitioner's *285 request for immunity and petitioner's motion for a trial by jury. Also at trial, the Court granted respondent's motion for leave to amend his answer, pursuant to section 6214, to assert in the alternative that, if the Court determines that petitioner's underpayment for any year in issue was not due to fraud, then for each such year petitioner is liable for a 25-percent addition to tax under section 6651(a)(1) (failure to file a timely return) and a 5-percent addition to tax under section 6653(a) (negligence, etc.), as follows: Additions to Tax
Year
Sec. 6651(a)(1)
Sec. 6653(a)
1975
$1,204.25
$240.85
1976
1,316.00
263.20
1977
1,470.75
294.15
1978
1,832.46
366.49
1979
2,159.71
431.94
Also at trial, the Court granted respondent's oral motion to dismiss as to the deficiencies for each of the years in issue, because of petitioner's refusal to comply with the Court's order directing petitioner to respond to a series of questions regarding his income. This motion was granted under Rule 123(b). [3] On opening brief, respondent conceded the addition to tax under section 6653(b) for each of the years in issue. *286 As a result of the foregoing developments, the issues for decision are as follows: (1) Whether petitioner is liable for an addition to tax under section 6651(a)(1) for each of the years in issue; and (2) Whether petitioner is liable for an addition to tax under section 6653(a) for each of the years in issue. FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Racine, Wisconsin. On or about April 15, 1978, petitioner sent to respondent Forms 1040A for 1976 and 1977, on which appear petitioner's name, the name "Marge M. Larsen", and petitioner's address. All of the remaining lines on both forms, including the signature lines, have the phrase "OBJECT 5th Amendment", except for those lines that are left blank. Attached to each of the forms is a one-page statement signed by petitioner, dealing with his privilege against self-incrimination and his contentions as to the status of Federal Reserve Notes, as well as 142 additional pages dealing with constitutional objections to the income tax. On or about April 15, 1976, petitioner *287 sent to respondent a tax form for 1975 that is essentially similar to the Forms 1040A that were sent for 1976 and 1977. The form for 1975 has attached to it 142 pages dealing with explanations of petitioner's answers to the questions posed on the form. On or about April 27, 1978, respondent notified petitioner and Marge M. Larsen that each of the tax return forms received from them for 1976 and 1977 "is not acceptable as an income tax return because it does not contain information required by law, and it does not comply with Internal Revenue Code requirements." On or about April 4, 1980, petitioner sent to respondent a Form 1040 for 1979 on which appear petitioner's name, address, and filing status (married filing separately). The tax return is signed under penalties of perjury, and dated. The remaining lines have the word "OBJECT". Attached to the form is a four-page mamorandum signed by petitioner dealing with his privilege against self-incrimination and nine pages of newspaper clippings and other documents relating to this privilege as applied to Federal tax matters. On or about April 15, 1979, petitioner sent to respondent a tax form for 1978 that is essentially similar to *288 the Form 1040 that was sent for 1979. The form for 1978 has attached to it about 22 pages dealing with explanations of petitioner's answers to the questions posed on the form. During at least the period 1974 through 1979, petitioner did business as "Lawn Specialists", a lawn maintenance operation. For 1975 through 1979, petitioner derived gross receipts and profits from this lawn maintenance operation; he failed to report these gross receipts and profits on income tax returns for these years. OPINION As a preliminary matter, we note that respondent has the burden of proof with respect to the additions to tax under sections 6651 (a)(1) and 6653(a). Ordinarily, petitioner would bear the burden of proof as to such additions; in the instant case the shoe is on the other foot, so to speak, because these additions were not determined in the notice of deficiency but were asserted in respondent's amended answer. Rule 142(a). . I. Addition to Tax--Section 6651(a)(1)
An addition to tax for failure to file an income tax return when due is imposed under section 6651(a)(1). [4] For respondent to carry his burden of proof as to a taxable year, *289 he must not only show that no timely tax return was filed (the tax forms which petitioner sent to respondent do not constitute tax returns, under the standards described in , and numerous other opinions), but also that petitioner was required to file a tax return for that year. Section 6651(a)(1) directs us to subchapter A of chapter 61 for the requirements of filing tax returns. The requirements as to individuals are found in sections 6012(a)(1) and 6017 in this subchapter, and are *290 set forth in terms of amounts of gross income or net earnings from self-employment. The record in the instant case does not furnish us with information from which we could make a finding that petitioner had gross income, or net earnings from self-employment, for any of the years in issue in an amount sufficient to require him to file a return for that year. Cf. . This omission is not supplied by the Court's granting of respondent's motion to dismiss as to the deficiencies (the matters as to which petitioner had the burden of proof) because of petitioner's refusal properly to prosecute. Our decision as to the deficiencies merely left intact the determinations in respondent's notice of deficiency. These determinations are not themselves evidence and do not satisfy respondent's burden of proof as to those matters on which respondent bears the burden of proof. We hold for petitioner on this issue. II. Addition to Tax--Section 6653(a)
An addition to tax under section 6653(a) [5] *291 is imposed if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. Respondent has essentially the same problem under this provision as under Issue I, supra. For respondent to carry his burden of proof as to a taxable year, he must show that there is an underpayment for that year. The record in the instant case does not furnish us with information from which we could make a finding that there was an underpayment in petitioner's income tax for any of the years in issue. (See sec. 1402(b)(2) for minimum requirements as to self-employment *292 taxes.) Cf. . Respondent has failed to carry his burden of proof. We hold for petitioner on this issue. To take account of the foregoing, Decision will be entered, for each year in issue, in favor of respondent as to the deficiency, and in favor of petitioner as to the additions to tax.
Footnotes
1. Unless indicated otherwise, all section, subchapter, and chapter references are to sections, subchapters, and chapters of the Internal Revenue Code of 1954 as in effect for the years in issue. ↩
2. Of these amounts, self-employment taxes under chapter 2 are as follows: 1975--$1,114; 1976--$1,209; 1977--$1,304; 1978--$1,434; and 1979--$1,855. The remaining amounts are chapter 1 income taxes.↩
3. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. SEC. 6651. FAILURE TO FILE RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩
5. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. [The subsequent amendments of this provision (by sec. 101(f)(8) of the Crude Oil Windfall Profit Tax Act of 1980, Pub. L. 96-223, 94 Stat. 229, 253, and by sec. 722(b)(1) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 342) do not affect the instant case.]↩